IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>GABRIEL RUIZ SALCEDO,<br><br>　　　　　Defendant. | CR. NO. 10-00055 JMS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, ECF NO. 204 |

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, ECF NO. 204

### I.  INTRODUCTION

Defendant Gabriel Ruiz Salcedo ("Defendant") moves, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), for compassionate release from USP Victorville, California ("Victorville").  The court determines that Defendant has failed to show extraordinary and compelling reasons to warrant release, and, even if he had, the court would deny the motion based on consideration of the applicable 18 U.S.C. § 3553(a) factors.  Thus, for the following reasons, the motion is DENIED.

///

///

///

///

## II. **BACKGROUND**

Defendant, currently 42 years old, is serving a life sentence at Victorville.  *See* https://www.bop.gov/inmateloc/ (last visited October 5, 2020).

On July 21, 2010, a jury found Defendant guilty of two counts: (1) conspiracy to distribute, and possess with intent to distribute, fifty grams or more of methamphetamine; and (2) attempted possession with intent to distribute fifty grams or more of methamphetamine.  ECF Nos. 7, 60.  Based on the jury verdict and the filing of a Special Information as to Prior Drug Convictions Pursuant to 21 U.S.C. § 851, Defendant was sentenced on December 19, 2011 to a life term of incarceration and a total term of supervised release of ten years.  ECF Nos. 40, 121.  On July 22, 2013, the Ninth Circuit affirmed Defendant's conviction and sentence in a memorandum disposition.  ECF No. 142.

On March 11, 2019, Defendant filed a Motion for Sentence Reduction Pursuant to the First Step Act of 2018.  ECF No. 202.  The court denied that Motion by order dated March 13, 2019, finding in part that although § 401 of the First Step Act made significant changes to § 851 enhancements for repeat offenders, § 401 does not apply retroactively.[1]  ECF No. 203 at PageID #2398-99.

---

[1] In his present motion, Defendant states that "I'm also hopefull (sic) that the first step act will soon be retroactive and that I would get" a reduced sentence.  ECF No. 204 at PageID #2404.  As Defendant appears to recognize, this court has no authority to grant retroactive relief under § 401.  *See United States v. Asuncion*, ___F.3d___, 2020 WL 5268519, at *5 (9th Cir. Sept. 4, 2020).

The court decides the present motion without a hearing pursuant to Local Rule 7.1(c).

### III.  DISCUSSION

**A.    Legal Standard**

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, which provides as relevant:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
> . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Thus, the court may reduce Defendant's sentence if: (1) Defendant has exhausted the required administrative remedies; (2) Defendant has shown that "extraordinary and compelling reasons" warrant the reduction; and (3) the reduction is consistent with applicable Sentencing Commission's policy

statements. Here, the United States agrees that Defendant has fully exhausted his administrative remedies. *See* ECF No. 210 at PageID #2452-53.

The United States Sentencing Commission's policy statement, United States Sentencing Guideline ("Guideline") § 1B1.13, provides, as relevant to Defendant, that the court may grant a motion for compassionate release only if, after consideration of the applicable § 3553(a) factors, the court determines that extraordinary and compelling reasons exist to warrant a sentence reduction, the defendant is not a danger to another person or to the community, and a sentence reduction is consistent with the policy statement.

Guideline § 1B1.13 provides three specific examples of extraordinary and compelling reasons for compassionate release—a defendant's terminal medical condition, age of at least 65 years and deterioration of health due to age, and extenuating family circumstances relating to a defendant's minor children or spouse/registered partner[2]—along with a fourth, catch-all provision granting discretion to the BOP Director to determine whether other extraordinary and compelling reasons exist. *See* Guideline § 1B1.13 cmt. n.1(A)-(D). In a detailed analysis, this court previously determined that the "discretion to determine whether 'other' extraordinary and compelling reasons exist granted by [Guideline § 1B1.13

---

[2] None of these three specific examples of extraordinary and compelling reasons applies to Defendant.

n.1(D)] to the BOP Director applies equally to the court when ruling on motions for compassionate release." *United States v. Hernandez*, 2020 WL 3453839, at *4 (D. Haw. June 24, 2020); *see also United States v. Brooker*, __F.3d__, 2020 WL 5739712, at *7 (2d Cir. Sept. 25, 2020) ("[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release."). The court incorporates its *Hernandez* analysis here.

**B.    Extraordinary and Compelling Reasons Do Not Warrant Release**

Defendant bears the burden to establish extraordinary and compelling reasons that warrant compassionate release. *See, e.g.*, *United States v. Bolden*, 2020 WL 4286820, at *3 (W.D. Wash. July 27, 2020); *United States v. Proudfoot*, 2020 WL 4284128, at *4 (D. Or. July 27, 2020). Here, Defendant raises three primary arguments in support of his motion: 1) the COVID-19 lockdown at Victorville is a hardship;[3] 2) his 65-year-old mother has heart disease and needs his help; and 3) he has taken advantage of multiple programming opportunities while incarcerated. *See* ECF No. 204 at PageID #2400-05.

---

[3] Defendant does not argue that he has any specific medical condition that places him at any increased risk should he contract COVID-19. Instead, he focuses on hardships caused by the COVID lockdown, including limited time for personal hygiene and phone calls to family members. ECF No. 204 at PageID #2401.

The COVID-19 pandemic alone does not constitute an extraordinary and compelling reason for release. *See, e.g.*, *Drummondo-Farias*, __F. Supp. 3d__, 2020 WL 2616119, at *5 (D. Haw. May 19, 2020) ("Additionally, '[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement[.]'") (quoting *United States v. Eberhart*, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020)). Further, Defendant has not shown that the hardships he faces at Victorville differ significantly from any other Bureau of Prisons ("BOP") facility. The COVID-19 virus is relatively contained at Victorville, with BOP currently reporting two inmates and twelve staff members with "confirmed active cases." *See* https://www.bop.gov/coronavirus/ (COVID-19 resource page) (last visited October 5, 2020).[4]

And although the court is sympathetic to Defendant's concerns regarding his mother, a desire to care for a parent is not an extraordinary and compelling reason that justifies release. Many inmates face similar issues with aging parents, but the Sentencing Commission limited when "family circumstances" may justify release to "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" and "[t]he incapacitation of the

---

[4] Victorville presently houses 1,168 inmates. *See* https://www.bop.gov/locations/ institutions/vip/ (last visited October 5, 2020).

defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Guideline § 1B1.13, application cmt. n.1(C).

Finally, although Defendant's programming is commendable, it does not constitute a basis to find extraordinary and compelling reasons to justify early release.

In short, Defendant has not demonstrated extraordinary and compelling reasons that warrant compassionate release.

## C. Section 3553(a) Factors

Even if Defendant had demonstrated that the required extraordinary and compelling reasons exist to justify compassionate release, the court would deny his Motion based on a consideration of the § 3553(a) factors.

As relevant to this case, the § 3553(a) factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant";[5] and (2) "the need for the sentence imposed . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide

---

[5] As part of the § 3553(a) analysis, the court considers Defendant's post-offense conduct, including his rehabilitation while in custody. *See Pepper v. United States*, 562 U.S. 476, 491 (2011).

the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1)-(2). And, under the parsimony clause, the court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2). 18 U.S.C. § 3553(a).

Here, Defendant trafficked in substantial quantities of methamphetamine, after having been convicted of two prior felony drug offenses. *See* Presentence Investigation Report ("PSR") ¶¶ 8-15, 35-36, ECF No. 125 at PageID #1741-43, 1745-46. Defendant was also convicted of "aggravated assault - bound and restrained" in Arizona in 2001. *Id*. at ¶ 38, ECF No. 125 at PageID #1747.

Further, Defendant was sentenced to life in custody. ECF No. 121 at PageID #1719. The court fully appreciates that this sentence was driven by a mandatory minimum, and that Congress has subsequently lowered that mandatory minimum. But the fact that Defendant committed the instant offense after having been convicted of two separate drug offenses reflects his unwillingness to comply with the law and his future dangerousness.

Considering all of the § 3553(a) factors, including the offense conduct, Defendant's criminal history, Defendant's programming in custody, and

the time remaining on Defendant's sentence, reducing Defendant's sentence to time served would undermine the goals of sentencing set forth in § 3553(a)(2).

In sum, the court finds that Defendant has not established the requisite extraordinary and compelling reasons to warrant compassionate release, and, even if he had, the court would deny the motion based on the relevant § 3553(a) factors.

## IV.  **<u>CONCLUSION</u>**

For the foregoing reasons, Defendant's motion for compassionate release, ECF No. 204, is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 5, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Salcedo*, Cr. No. 10-00055 JMS, Order Denying Defendant's Motion for Compassionate Release, ECF No. 204